# Third District Court of Appeal

## State of Florida

Opinion filed October 5, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1623
Lower Tribunal No. 13-14217
_____

**Selvin Vasquez-Gomez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before SALTER, EMAS and SCALES, JJ.

PER CURIAM.

The trial court did not abuse its discretion in the various evidentiary rulings it made regarding the admission of testimony by State witnesses. Nor do we find that the trial court permitted certain collateral crime evidence, admitted at trial pursuant to a pretrial hearing, to become a feature of the trial.[1]

Affirmed.

---

[1] The collateral crime evidence was characterized below as Willams Rule evidence, see Williams v. State, 110 So. 2d 654 (Fla. 1959), codified at section 90.404(2)(a), Fla. Stat. (2013). However, some of this evidence was also properly admissible as inextricably intertwined with, or inseparable from, the offenses charged, or was admissible as bearing on a relevant issue at trial. See Dorsett v. State, 944 So. 2d 1207 (Fla. 3d DCA 2006). See also § 90.404(2)(b)1. (providing that "[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant.")